CASE 27—PETITION ORDINARY—FEBRUARY 20.

# Murray v. Meagher.

### APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

PAYMENT OF PREMIUM ON GOLD ENFORCED AS PER CONTRACT.—
Before the maturity of a note payable in gold the obligor paid,
and the obligee accepted, the amount of the principal and interest
to date of payment in United States currency or legal-tender notes,
and the obligor, simultaneously with the payment, indorsed the fol-
lowing obligation on the back of the note, which was retained by
the obligee, to wit: "I promise to pay the premium on the within
note at the time it becomes due." *Held*, that this agreement of the
obligor was not induced alone by the pre-existing debt, but also by
the change then effected in the rights of the obligee. The obliga-
tion indorsed on the back of the note was executed and delivered
for a good or valuable consideration, and was obligatory.

BENNETT H. YOUNG, . . . . . . . . For Appellant,

#### CITED

Revised Statutes, 1 Stanton, 265–67.
Bouvier's Law Dictionary, "Guaranty."
3 Kent's Commentaries, pages 123, 124.
4 Bibb, 69, Boone v. Shackelford.
6 Monroe, 661, Clay v. Johnson.
2 Dana, 90, Bullen v. McGillicuddy.
9 Massachusetts, 314, White v. Howland.
3 Hill, 188, Miller v. Gaston.
3 Hill, 585, Munrow v. Durham.
5 Massachusetts, 545, Carver v. Warren.
7 J. J. Marshall, 155, Richardson v. Flournoy.

REID & CARY, . . . . . . . . . . . For Appellee,

#### CITED

Story on Promissory Notes, secs. 457, 466–71.
Revised Statutes, chap. 22, 1 Stanton, 265.
4 Pick. 385, Tenney v. Prince.
5 East. 10, Waid v. Walters.

8 Pick. 423.　　　　　24 Pick, 252.
3 Kent's Commentaries (5th ed.), page 121.
1 Peters, 476, DeWolf v. Rabue.
3 Bingham, 107, Mosely v. Boothby.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT.

The president and trustees of the Sinsinaria Mound College executed the note of that institution to the appellant, dated November 17, 1865, payable twelve months thereafter, for $2,000 in gold, with interest at the rate of seven per cent. per annum; and on the 25th day of June, 1865, the appellee, who signed the note as president, paid the appellant on the note the nominal sum of $2,000 in "United States currency" or legal-tender notes; also $84.77 in full of interest accrued on the note up to that time, and thereupon the appellee indorsed upon the note, which was retained by the appellant, the following obligation:

"I promise to pay the premium on the within note at the time it becomes due.　　　　D. J. MEAGHER, O. D."

It appears that at the date of the note gold coin, as compared with the treasury notes of the United States, recognized as currency, was worth a premium of forty-two per cent., to secure which the obligation of the appellant was given, without releasing the original note.

This suit was brought in October, 1870, to recover an alleged balance of the debt on the obligation of the appellee, the petition stating the amount to be $840.

The defendant by his answer pleaded, in substance and effect, that the writing signed by him was not obligatory, because it was executed and delivered for no good or valuable consideration.

Upon a submission of the law and facts to the court for trial without the intervention of a jury a judgment was rendered for the defendant, to reverse which the plaintiff prosecutes this appeal.

It sufficiently appears that the parties to the original contract took into consideration the difference between the value of gold and that of treasury notes; and with a view to that, and for a consideration as may be presumed equivalent to the sum promised in gold, the express stipulation for payment in gold was made. In such a case the holder of the note might have enforced a specific execution of the contract, whether treasury notes were a lawful tender as to ordinary debts or not. (Hart v. Miller, 2 Duvall, 103.) It is obvious therefore that if the undertaking of the appellee was not merely a collateral one for securing the original debt, but a new and independent contract, the consideration was ample to support it. But treating it as a guaranty, as we think we should, notwithstanding its form, we are still of the opinion that it was given upon a sufficient consideration. Besides the presumption of consideration arising from the execution of a written obligation, which it devolved on the appellee to repel, the facts made apparent by the writings and admissions of the pleadings, that simultaneously with the execution of the obligation of the appellee the appellant accepted the currency as a partial payment of his interest-bearing debt, then not due, and thus relinquished his right to cause payment of the $2,000 in gold, as well as to demand the interest to accrue thereon until the maturity of the note, are in our opinion sufficient to sustain the conclusion that the agreement of the appellee was not induced alone by the pre-existing debt, but also by the change thus effected in the rights of the appellant under the original contract, which was a sufficient new consideration moving between the parties, if not as a benefit to the appellee, as a harm at least to the appellant. (Story on Promissory Notes, section 557; 3 Kent's Commentaries, page 123.)

Wherefore the judgment is reversed, and the cause remanded for a new trial and other proceedings not inconsistent with this opinion.